Slip Op. 11-79

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| WUXI SEAMLESS OIL PIPE CO., LTD.,<br><br>Plaintiff,<br><br>and<br><br>JIANGSU CHANGBAO STEEL TUBE CO., LTD., et al.,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>UNITED STATES STEEL CORPORATION, et al.,<br><br>Defendant-Intervenors. | Before: WALLACH, Judge<br>Court No.: 10-00181 |

[Defendant-Intervenors' Joint Motion to Dismiss is DENIED without prejudice.]

Dated: July 6, 2011

Greenberg Traurig LLP (Rosa S. Jeong and Philippe M. Bruno) for Plaintiff Wuxi Seamless Oil Pipe Co., Ltd.

Drinker Biddle & Reath, LLP (Richard Preston Ferrin) for Plaintiff-Intervenors Jiangsu Changbao Steel Tube Co., Ltd. and Jiangsu Changbao Precision Tube Co., Ltd.; Hogan Lovells US LLP (Mark Steven McConnell) for Plaintiff-Intervenor Bureau of Fair Trade for Imports & Exports, Ministry of Commerce, People's Republic of China.[1]

---

[1] Plaintiff-Intervenors did not respond to Plaintiff's motion. See Docket for Court No. 10-00181.

Tony West, Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (L. Misha Preheim); Jonathan M. Zielinski, U.S. Department of Commerce, Of Counsel, for Defendant United States.

Skadden Arps Slate Meagher & Flom, LLP (Robert E. Lighthizer, Jeffrey D. Gerrish, and Soo-Mi Rhee) for Defendant-Intervenor United States Steel Corporation; Schagrin Associates (Roger B. Schagrin) for Defendant-Intervenors TMK IPSCO, V&M Star L.P., Wheatland Tube Corp., Evraz Rocky Mountain Steel, and United Steelworkers; Wiley Rein, LLP (Alan H. Price, Robert E. DeFrancesco, and Tessa Capeloto) for Defendant-Intervenor Maverick Tube Corporation.

## OPINION

**Wallach, Judge:**

## I
## INTRODUCTION

On July 19, 2010, Plaintiff Wuxi Seamless Oil Pipe Co., Ltd. ("Plaintiff" or "Wuxi") filed a complaint with the court contesting legal and factual findings made by the U.S. Department of Commerce ("Commerce") in Certain Oil Country Tubular Goods from the People's Republic of China: Final Determination of Sales at Less Than Fair Value, Final Affirmative Determination of Critical Circumstances and Final Determination of Targeted Dumping, 75 Fed. Reg. 20,335 (April 19, 2010), as amended by Certain Oil Country Tubular Goods From the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order, 75 Fed. Reg. 28,551 (May 21, 2010) ("Final Determination"). Complaint, Docket No. 10, ¶ 1. In their Joint Motion to Dismiss, Defendant-Intervenors Maverick Tube Corporation, United States Steel Corporation, TMK IPSCO, V&M Star L.P., Wheatland Tube Corporation, Evraz Rocky Mountain Steel, and United Steelworkers ("Defendant-Intervenors") "request that the Court dismiss the complaint filed by Plaintiff . . . for failure to state a claim upon which relief can be granted or, alternatively, for lack of subject matter jurisdiction." Defendant-Intervenors'

Joint Motion to Dismiss ("Defendant-Intervenors' Motion"), Docket No. 73 at 1-2. The court has jurisdiction pursuant to 28 U.S.C. § 1581(c). For the reasons stated below, Defendant-Intervenors' Motion is DENIED.

## II
## STANDARD OF REVIEW

In deciding a motion to dismiss, "the Court assumes that 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" United States v. Islip, 22 CIT 852, 854, 18 F. Supp. 2d 1047 (1998) (quoting Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). "In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court considers only 'facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" Asahi Seiko Co. v. United States, Slip Op. 09-131, 2009 Ct. Intl. Trade LEXIS 137 at *12 (CIT 2009) (quoting Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2nd Cir. 1991)).

## III
## DISCUSSION

Defendant-Intervenors "request that the Court dismiss the complaint filed by Plaintiff . . . for failure to state a claim upon which relief can be granted or, alternatively, for lack of subject matter jurisdiction." Defendant-Intervenors' Motion at 1-2. Defendant-Intervenors argue that because Plaintiff failed to present its arguments before Commerce and is currently presenting its arguments for the first time before this court, Plaintiff failed to exhaust its administrative

remedies and therefore fails to state a claim upon which relief can be granted. Id. at 3-9.[2] Defendant-Intervenors also argue that where "failure to exhaust administrative remedies results in a case not being viable under any of the provisions of 28 U.S.C. § 1581, this Court will dismiss for lack of subject matter jurisdiction." Id. at 10 (citing Miller & Co. v. United States, 824 F. 2d 961, 964 (Fed. Cir. 1987)). Finally, Defendant-Intervenors argue at length that Plaintiff's "participation was minimal at best" and that the court is establishing "dangerous precedent" and undermining the purpose behind the exhaustion doctrine by not requiring Plaintiff to have submitted briefs in the underlying proceedings regarding all issues currently contained in Plaintiff's complaint. Defendant-Intervenors' Reply to Plaintiff's and Defendant's Opposition to Motion to Dismiss ("Defendant-Intervenors' Reply"), Docket No. 76 at 3-6.[3]

Plaintiff responds with two arguments: If the exhaustion doctrine did apply, it would "not divest the Court of its subject matter jurisdiction," Plaintiff's Opposition to Defendant-Intervenors' Joint Motion to Dismiss ("Plaintiff's Opposition"), Docket No. 74 at 4; however, the

[2] The exhaustion doctrine holds "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Consol. Bearings Co. v. United States, 348 F.3d 997, 1003 (Fed. Cir. 2003) (quoting McKart v. United States, 395 U.S. 185, 193, 89 S. Ct. 1657, 23 L. Ed. 2d 194 (1969)). This "court generally takes a strict view of the need to exhaust remedies by raising all arguments," Pohang Iron & Steel Co. v. United States, 23 CIT 778, 792 (1999); however, this court recognizes limited exceptions to the requirement that litigants must have exhausted their administrative remedies, see Budd Co., Wheel & Brake Div. v. United States, 15 CIT 446, 452 n.2, 773 F. Supp 1549 (1991) (listing examples). "This court will require exhaustion where the plaintiff both fails to raise an issue at the administrative level on which 'Commerce could have conducted further analysis' and does 'not show[] that any exception to the exhaustion doctrine applies.'" China Processed Food Imp. & Exp. Co. v. United States, 614 F. Supp. 2d 1337, 1346-1347 (CIT 2009) (quoting China First Pencil Co. v. United States, 427 F. Supp. 2d 1236, 1244, 30 CIT 1200 (2006)). However, "[w]hile enforcing exhaustion requirements as jurisdictional prerequisites, the Court of International Trade also enjoys discretion to identify circumstances where exhaustion of administrative remedies does not apply." Consol. Bearings, 348 F.3d at 1003 (citing Cemex, S.A. v. United States, 133 F.3d 897, 905 (Fed. Cir. 1998)). "For example, in some circumstances a court may excuse a party's failure to raise an argument before the administrative agency if the agency nevertheless considered the issue." Union Steel v. United States, 617 F. Supp. 2d 1373, 1380 (CIT 2009) (citing Holmes Prods. Corp. v. United States, 16 CIT 1101, 1104 (1992); N.Y. State Broadcasters Ass'n v. United States, 414 F.2d 990, 994) (2nd Cir. 1969).

[3] During the below investigation, Plaintiff submitted "a request to participate as a mandatory respondent, a quantity and value questionnaire response, comments on quantity and value data, and a separate rate application" but did not file a "case brief or rebuttal brief with the Department." Defendant-Intervenors' Reply at 3, 6; see also Plaintiff's Opposition to Defendant-Intervenors' Joint Motion to Dismiss ("Plaintiff's Opposition"), Docket No. 74 at 2.

exhaustion doctrine does not apply because Plaintiff qualifies for exceptions to that doctrine, id. at 5-9.[4]

Defendant summarizes its position as follows:

> [Commerce] addressed the claims raised in Wuxi's complaint in the final results of the investigation. Moreover, Wuxi did participate in the proceeding below, so its standing to bring this action should not be an issue. To the extent that Wuxi does not raise new arguments to support these claims in its brief to this Court, the purpose for the exhaustion doctrine would not be present. However, to the extent Wuxi raises new arguments in support of its claims that were not presented to Commerce, the exhaustion doctrine may apply and Wuxi's complaint could be subject to dismissal for failure to state a claim. Thus, the current motion to dismiss should be denied as premature, and we reserve our right to move to dismiss for failure to state a claim should Wuxi raise issues in its brief to this Court that were not raised by parties before Commerce.

Defendant's Response to Defendant-Intervenors' Motion to Dismiss ("Defendant's Response"), Docket No. 75 at 2.

Defendant is correct that the current motion should be denied as premature. See id. At this time, the court need not determine whether the exhaustion doctrine or any exceptions to the exhaustion doctrine exist. If Plaintiff raises new arguments that were not presented to Commerce, the exhaustion doctrine could apply; however, before parties have submitted briefs, the court will not speculate which arguments Plaintiff may make. Cf. Asahi Seiko, 2009 Ct. Intl. Trade LEXIS 137 at *14 ("The court will decide issues relating to exhaustion when adjudicating Asahi's remaining claim on the merits, based on a full consideration of the administrative record

[4] Plaintiff asserts two exceptions: With regards to counts three through fifteen of its complaint, an exception to the exhaustion doctrine applies in that "the substantive claims . . . have been raised and fully litigated before the agency," Plaintiff's Opposition at 5, while counts one and two qualify for "the futility exception to the exhaustion doctrine," id. at 8.

and briefing by the parties.”).[5] Defendant-Intervenors’ related argument that Plaintiff did not sufficiently participate in the below proceedings is also premature.[6]

**IV**
**CONCLUSION**

For the reasons stated above, Defendant-Intervenors’ Joint Motion to Dismiss is DENIED without prejudice.

__/s/ Evan J. Wallach____
Evan J. Wallach, Judge

Dated: July 6, 2011
New York, New York

---

[5] Defendant-Intervenors also assert that the court lacks subject matter jurisdiction. Defendant-Intervenors’ Motion at 8. However, “[t]he requirement of exhaustion of administrative remedies for judicial review of antidumping determinations is not jurisdictional, but discretionary pursuant to 28 U.S.C. § 2637(d) (2000). See United States v. Priority Prods., Inc., 793 F.2d 296, 300 (Fed. Cir. 1986) (noting that the Court of International Trade has discretion to excuse failure to exhaust administrative remedies for actions covered by 28 U.S.C. § 2637(d) (2000)); see also Avocados Plus Inc. v. Veneman, 361 U.S. App. D.C. 519, 370 F.3d 1243, 1247-50 (D.C. Cir. 2004) (explaining the difference between jurisdictional and non-jurisdictional exhaustion of administrative remedies).” Carpenter Tech. Corp. v. United States, 30 CIT 1373, 1374 (2006); see Plaintiff’s Opposition at 4-5.

[6] Although addressed by Defendant, Defendant’s Response at 2, Defendant-Intervenors do not allege, and therefore this court does not address, whether Plaintiff lacks standing in this case due to its level of participation in the below proceedings, see Defendant-Intervenors’ Motion; Defendant-Intervenors’ Reply.